### AMERICAN INS. CO. et al. v. BRADLEY MINING CO.

#### No. 23461.

District Court, N. D. California, S. D.

Oct. 18, 1944.

H. A. Thornton, E. M. Taylor, and Thornton & Taylor, all of San Francisco, Cal., for plaintiffs.

Robert M. Searls, of San Francisco, Cal., for defendant.

GOODMAN, District Judge.

Thirty-one out of state insurance corporations filed this action against defendant mining company, a California corporation, for a judgment declaring plaintiffs have no liability to defendant under certain "Business Interruption and Property Damage Insurance" policies. Plaintiffs allege in the complaint that defendant is asserting an aggregate demand against them in the sum of $71,885.60 for business and property losses caused by the negligent breaking by employees of a pipe-line at defendant's mine in Idaho—a risk which plaintiffs claim is not covered by the policies. Federal jurisdiction of the alleged controversy ob-

tains, it is claimed, because of diversity of citizenship between all of plaintiffs and defendants, and because the aggregate money demand exceeds $3,000. Present jurisdiction, the power of the court to grant the relief sought comes from the Federal Declaratory Judgment Act. § 274d, Judicial Code, 28 U.S.C.A. § 400.

Defendant has moved to dismiss the complaint on the ground that

(1) Two California insurance corporations are indispensable parties and are not joined and that, if joined, there would not be diversity of citizenship, thus defeating federal jurisdiction; and

(2) That defendant should be allowed to have its cause heard before a jury in Idaho state court, where its witnesses are readily available.

From affidavits supporting the motion, the following facts appear:

Defendant, through a firm of insurance brokers, paid a premium of $74,700 for the issuance to it by the thirty-one plaintiffs and two California insurance companies of separate insurance policies protecting it against business interruption losses and property damage caused by explosion. Each policy contains a provision limiting the liability of the issuing company to the proportion of loss which the amount of each separate policy bears to the total amount of the policies. All of the policies were issued in Idaho. By Idaho law, all of the issuing companies were there suable. While all of the policies were in force and effect, a stone lodged in a penstock pipe at defendant's mine, and eventually caused an explosion of the pipe at the power plant, resulting in property damage and an operational shut-down. By contract of date March 25, 1944, between all thirty-three companies and defendant, it was agreed that, without admitting liability under the policies, the total property damage amounted to $1,648.47 and the business interruption damage amounted to $73,774.77. By agreement under date of April 6, 1944, defendant's time to bring action against the companies was extended to October 24, 1944. On June 27, 1944, the two California insurance companies filed a suit for declaratory relief in the Superior Court of the State of California against the defendant alleging the same facts as those set forth in the instant suit which was filed the same day. The same attorneys represent plaintiffs in both suits. The af-

fidavits further set forth that defendant has been advised by its counsel that it has a meritorious cause of action against the thirty-three companies and intends to and should be permitted to maintain such action in Idaho. The matters alleged in the affidavits are not disputed by plaintiffs.

Preliminarily, the court must consider the propriety of supporting with affidavits the motion to dismiss. Since the facts as to the jurisdictional question involved are not disputed, either summary judgment or dismissal can be entered if defendant's objection is good. Hence the affidavits are available. Rules 6(d), 12(b), 43(e), 56(e), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c; Central Mexico Light & Power Co. v. Munch, 2 Cir., 116 F.2d 85.

If the two California insurance companies are indispensable parties, federal jurisdiction is lacking and the cause should be dismissed or summary judgment in favor of defendant on that ground granted.

R.C.P. 19(a) provides: "(a) Necessary Joinder. Subject to the provisions of Rule 23 and of sub-division (b) of this rule, persons having a joint interest shall be made parties and be joined on the same side as plaintiffs or defendants. When a person who should join as a plaintiff refuses to do so, he may be made a defendant or, in proper cases, an involuntary plaintiff."

In 1854 the Supreme Court said: A "court can make no decree affecting the rights of an absent person, and can make no decree between the parties before it, which so far involves or depends upon the rights of an absent person, that complete and final justice cannot be done between the parties to the suit without affecting those rights." Shields v. Barrow, 58 U.S. 130, at page 141, 15 L.Ed. 158.

In the case of State of Washington v. United States, 87 F.2d 421, 427, the Ninth Circuit Court of Appeals set up the following criteria to be applied in determining whether an absent party is indispensable:

"After first determining that such party is interested in the controversy, the court must make a determination of the following questions applied to the particular case: (1) Is the interest of the absent party distinct and severable? (2) In the absence of such party, can the court render justice between the parties before it? (3) Will the decree made, in the absence of such party, have no injurious effect on the interest of such absent party? (4) Will the final determination, in the absence of such party, be consistent with equity and good conscience?

"If, after the court determines that an absent party is interested in the controversy, it finds that all of the four questions outlined above are answered in the affirmative with respect to the absent party's interest, then such absent party is a necessary party. However, if any one of the four questions is answered in the negative, then the absent party is indispensable."

Application of the foregoing formula to this case leaves me in no doubt that the two California insurance companies are indispensable parties. The thirty-one plaintiffs here and the two plaintiffs in the State court suit have agreed as to their respective proportions of the damage and loss, yet the essential issue, to-wit, liability, could well be determined one way here and directly to the contrary in the State court. Indeed, a result not "consistent with equity and good conscience." True, plaintiffs' attorneys have in their briefs offered to stipulate to a decree in the State court, conforming to any decree herein. But this is only persuasive that the interests of all parties on both sides are inextricably bound together in one cause. Not greatly dissimilar is Langlie v. United Fireman's Ins. Co., D.C., 40 F.Supp. 24, where the cause was dismissed because two absent insurers were held to be indispensable.

Thus the absence of indispensable parties, without more, justifies granting the motion. However, even if the jurisdictional requirements were met, the court would not feel inclined in its legal discretion to exercise its power to hear the cause.

The Declaratory Judgment Act is but procedural, in that it confers authority to apply the remedy of declaratory relief. American Automobile Co. v. Freundt, 7 Cir., 103 F.2d 613. Although the Act in specific terms, does not declare that its application rests in the discretion of the court, yet respectable authority so holds. Ætna Casualty & Surety Co. v. Quarles, 4 Cir., 92 F.2d 321; American Automobile Ins. Co. v. Freundt, supra; Delno v. Market St. Ry. Co., 9 Cir., 124 F.2d 965; Indemnity Ins. Co. v. Schriefer, 4 Cir., 142 F.2d 851; Borchard, Declaratory Judgments, 2d Ed. 312, 313; Sam-

548

uel Goldwyn v. United Artists Corp., 3 Cir., 113 F.2d 703.

█ █ It is abundantly clear to me that plaintiffs seek the aid of the statute to gain procedural advantages or the fancied benefit of a selected forum. After agreeing to allow defendant until October 24, 1944, to file suit against them, plaintiffs here and the two California companies in the State court hastened to assert declaratory claims in California, rather than submit to the tribunals of Idaho, the situs of the insured property, the State where they wrote the policies, collected their premiums and where the witnesses reside and are available. As was said in American Automobile Ins. Co. v. Freundt, supra [103 F.2d 617]: "The roots of declaratory procedure are found in equity procedure, chiefly in the quia timet relief. The wholesome purpose of declaratory acts would be aborted by its use as an instrument of procedural fencing either to secure delay or to choose a forum." See also Continental Casualty Co. v. National Household Distributors, 7 Cir., 32 F.Supp. 849.

In the pattern of adroit procedural manoeuvering here, the court perceives a design on the part of the insurance companies to litigate the issues far from the forum where justice and equity so clearly indicate they should be determined.

The motion to dismiss is granted.