## Hertz v. Record Publishing Company of Erie, etc.

*S. Y. Rossiter*, for plaintiff.
*William W. Knox*, for defendants.

LAUB, J., September 24, 1947.—An ostensible conflict between several provisions of the Rules of Civil Procedure has given rise to the presently considered problem. The action is in mandamus and plaintiff, a

stockholder in the Record Publishing Company, is seeking court aid to compel inspection of the company's books.

Preliminary objections to the complaint were filed and disposed of. Defendants then filed an answer in which plaintiff's status as a stockholder was questioned and his motives for bringing the action impugned. Specifically, defendants in their answer aver that plaintiff is not the actual and true owner of the stock but is in fact acting as a front for competitive interests with the ulterior aim of disrupting defendants' business and harassing and embarrassing them in its pursuit. Plaintiff, in a reply, denied these averments.

With the main issue thus apparently joined, defendants advanced to the attack from a different flank. Pointing to rule 1032 as authority for so doing, they presented a suggestion that there has been a failure to join an indispensable party plaintiff and, concurrently therewith, moved to dismiss the action on that ground. The suggestion was permitted to be filed and a rule was granted on the motion to dismiss. It is this rule which must now be determined.

Plaintiff relies upon the provisions of rules 1017 and 1028(b). The former limits the pleadings to certain designated instruments and specifies those objections which are available preliminarily. Among these is the nonjoinder of a necessary party. The other rule (rule 1028(b)) provides that all preliminary objections shall be raised at one time. Plaintiff therefore insists that, since defendants did not raise nonjoinder preliminarily, they are now barred from doing so by pleadings additional to the answer.[1] In substance, plaintiff's position

---

[1] It must be conceded that rule 1032 saves from waiver the defense of nonjoinder of an indispensable party even though not raised by a required pleading. Defendants have, of course, raised this defense in their answer, but we are not here considering their right to defend but only their right to proceed as outlined.

is that the defense of nonjoinder must now be tried concurrently with the general issue.

Defendants say that this is not true. They argue that the wording of paragraph (2) of rule 1032 clearly establishes an exception to rules 1017 and 1028 and thereby sets up an additional method of determining in limine, the issue of nonjoinder. The language upon which they rely is as follows:

"A party waives all defenses and objections which he does not present either by preliminary objection, answer or reply, except . . . (2) that whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter or that there has been a failure to join an indispensable party, the court shall dismiss the action."

They read into this provision the right to proceed in the present fashion and to take depositions in support of their motion to dismiss.

Before entering a discussion of the merits of the respective positions of the parties, attention should be drawn to the reference in 1017(*b*) (5) to "a necessary party" whereas in 1032(2) it is to "an indispensable party". There is a legal difference between the two expressions as may be seen by reading State of Washington v. United States, 87 F.(2d) 421.

Because the rules are comparatively new, we have no recourse to the gnosis of appellate review; nor can any aid be found in Federal rule 12(*h*) (2), which is one from which our rule 1032 was taken. Unfortunately, our rules committee in taking the plate forgot the spoons. Several of the Federal rules which go hand in hand with rule 12(*h*) (2) were not incorporated in our procedure. Thus, where the nonjoinder of an indispensable party was made apparent by undenied affidavits supporting a motion to dismiss, the court in American Ins. Co. et al. v. Bradley Mining Co., 57 F. Supp. 545, permitted the procedure and granted

the motion upon the authority of Federal rules 6(*d*), 12(*b*), 43(*e*) and 56(*e*). We cannot find similar authority anywhere within our rules.

Because diversity of citizenship is an element which frequently determines Federal jurisdiction, it is understandable that the nonjoinder of an indispensable party should be an available defense in that court at any stage of the proceedings. But, oddly enough, Federal rule 12 did not include, among its various provisions, a reference to this phase of defense until, by amendment submitted to Congress January 3, 1947, nonjoinder of an indispensable party was inserted in the provisions of clauses (*b*) and (*h*)(1). Pennsylvania, where the relationship between jurisdiction and parties litigant is not nearly so apt to appear, by that time had already inserted the defense, not only in rule 1032(1), which is the counterpart of Federal rule 12(*h*)(1), but 1032(2) as well. Its appearance in this rule would seem to indicate an intention to supply a need formerly furnished by a plea in abatement and demurrer. See Jennings et al. v. Supreme Photoplay Co., 289 Pa. 240, and Lowman v. Harvey R. Pierce Co. et al., 276 Pa. 382, 385, 386.

The commentary to rule 1032(2), set forth in Goodrich-Amram, Procedural Rule Service, pp. 159, 160, states, inter alia:·

"No provision is made for the procedure under this Rule. The simplest method of securing the dismissal of the action under it would seem to be a 'motion to dismiss.' . . . If the proof of the absence of the party requires the introduction of evidence outside the record, the motion to dismiss would not be a satisfactory device. . . . The motion would appear useful only when the error is apparent on the face of the record."

Quite obviously the failure to join an essential party, if such there be, is not apparent on the face of this

record. The query then arising from the comment above quoted is whether affidavits or depositions are available to a party to support a contention of non-joinder. Significantly, the authors of Goodrich-Amram Procedural Rule Service (one of whom was vice chairman of the committee which prepared the rules) do not stand clearly on either side of the fence, contenting themselves with the opinion that under such circumstances the motion to dismiss would not be "a satisfactory device".

One thing seems quite clear. If, at any time in the parade of pleadings or the course of the suit it becomes apparent that an indispensable party has not been joined, advantage can be taken either by a motion to dismiss or by a motion for judgment on the pleadings as set forth in rule 1034, whichever would appear appropriate. The clear inference derived from the language "the court shall dismiss the action" carries us this far.

But we have grave doubts as to defendants' right to pursue the present method in view of the state of this record. As matters now stand, defendants' position has been vigorously pleaded in their answer and just as vigorously traversed by plaintiff's reply.

The procedural aspects of the difficulty seem answered by the words, "whenever it appears by suggestion of the parties or otherwise". Webster defines "appear" as: "To become clear to the apprehension of the mind; to be known as a subject of observation or comprehension, or as a thing proved; to be obvious or manifest." Thus, anything that "appears" is something that can be taken as proved or admitted. It is an established fact. 3 Bouvier's Law Dictionary 3177 defines "suggestion" in this fashion:

"Information. It is applied to those cases where, during the pendency of a suit, some matter of fact occurs which puts a stop to the suit in its existing

form, . . . the fact is usually admitted, if true, and the court issues the proper order thereupon."

If we accept the definitions of these two lexicographers, the sound construction of rule 1032(2) would be that, whenever the fact of the nonjoinder of an indispensable party is established, whether by matters appearing on the record or by information supplied by the parties, the court shall dismiss the action. Thus, by suggestion, affidavit, or by depositions in support of a motion to dismiss, a party may have the question of nonjoinder determined in limine provided the essential details are established or undenied. In the instant case plaintiff's denial is already a matter of record. Under such circumstances, to allow defendants to take depositions in support of their motion would be to countenance a delay which could serve no useful purpose.

Conclusive upon us is the real nature of defendants' plea as contained in the answer and substantially reiterated in the suggestion. In their assertion that plaintiff is a stockholder in name only, that he has no real or pecuniary interest in the stock and possesses no right of inspection of the company's books; defendants have impugned his right to sue altogether. This is not raising a question as to the nonjoinder of an indispensable party but is a plea in bar. As indicated above, the nonjoinder of an indispensable party plaintiff was formerly raised by a plea in abatement. In determining the validity of such a plea it was said in Jennings v. Supreme Photoplay Co., supra, that if the effect of the plea is to impugn plaintiff's right to sue altogether, it must be regarded as a plea in bar. This is the nature of defendants' present contention.

And now, to wit, September 24, 1947, the rule granted September 3, 1947, on the motion to dismiss, is discharged.