## SUN OIL CO. v. TRANSCONTINENTAL GAS PIPE LINE CORP.
### Civ. A. 13005.

United States District Court
E. D. Pennsylvania.
Nov. 12, 1952.

Krusen, Evans & Shaw, Philadelphia, Pa., for plaintiff.

Rawle & Henderson, Philadelphia, Pa., for defendant.

GRIM, District Judge.

As part of its business of producing and marketing large quantities of petroleum products plaintiff, the Sun Oil Company, maintains a fleet of ocean going tank vessels which go to and from Texas and its pier on the west bank of the Delaware river at Marcus Hook, Pennsylvania. Defendant, the Transcontinental Gas Pipe Line Corporation, has installed and has maintained a twelve inch pipe line across and under the Delaware river immediately south of plaintiff's pier at Marcus Hook. This is a part of a pipe line used for conveying natural gas from Texas to New Jersey and the New York area. On January 26, 1951, this pipe line in the Delaware river off Marcus Hook was badly damaged and broken by the anchor of the Texas Sun, one of plaintiff's tanker vessels. On August 17, 1951, after the pipe line had been repaired, the anchor of the Atlantic Sun, another of plaintiff's tanker vessels, again damaged and broke the pipe line. The damaging of this pipe line has caused great loss to the defendant and to South Jersey Gas Company, which is a user of the gas which is transported by defendant.

On November 30, 1951, plaintiff filed this action, which, among other things, asks for a declaratory judgment determining and declaring the rights and liabilities of the plaintiff and defendant, respectively, arising out of the aforesaid damages to defendant's pipe line.

On December 5, 1951, Transcontinental Gas Pipe Line Corporation, the defendant in the present action in this court, filed two actions in admiralty in the United States District Court for the Eastern District of Texas, Beaumont Division, against the Sun Oil Company, the plaintiff in the present action in this court. One of the Texas suits was a personal action against the Sun Oil Company and an in rem action against the vessel Texas Sun; the other suit was a personal action against the Sun Oil Company and an in rem action against the vessel Atlantic Sun. At the same time the South Jersey Gas Company filed an action in admiralty against the Sun Oil Company and the two vessels in the same court in Texas. In these actions recovery is sought for the amount of damage which has been sustained by the Transcontinental Gas Pipe Line Corporation and by the South Jersey Gas Company as a result of the damaging of the pipe line under the Delaware river at Marcus Hook on January 26, 1951, and August 17, 1951, as has been described. Since the Sun Oil Company does business in both Texas and Pennsylvania these actions could have been brought in Texas or in Pennsylvania.

Here we have a situation where a prospective defendant knowing that it is about

to be sued in Texas [1] starts a declaratory judgment proceeding in Pennsylvania against the prospective plaintiff six days before the Texas suit is filed. In my opinion it is a fair inference from this that the plaintiff in the present action has started the declaratory judgment proceeding in this court in order to have the question of its liability tried here rather than in Texas.

In a negligence [2] action may a declaratory judgment proceeding be used by a prospective defendant to forestall an imminent suit by a prospective plaintiff and to choose the forum in which the action shall be tried? May a tortfeasor change his role from defendant to plaintiff in order to select the court in which to have his liability determined?

■ The Declaratory Judgments Act, 28 U.S.C.A. § 2201, provides that a court *"may* declare the rights and other legal relations of any interested party seeking such declaration". *(underscoring* supplied). It does not make it mandatory on courts to accept declaratory judgment cases, but puts considerable discretion in them as to whether or not in each case a declaratory judgment should be entered. Kerotest Manufacturing Co. v. C-O-Two Fire Equipment Co., 342 U.S. 180, 72 S.Ct. 219.

■ Plaintiff's counsel has cited no case, and a careful examination of the numerous reported declaratory judgment cases has failed to disclose a single case where a prospective defendant in a negligence action has obtained or even requested a declaration of his non-liability to a prospective plaintiff. [3] A careful reading of the sections on the jurisdiction of courts in declaratory judgment cases and on the history and purpose of declaratory judgment acts in Borchard, Declaratory Judgments (2d ed., 1941) indicates that it is not one of the purposes of the declaratory judgment acts [4] to enable a prospective negligence action defendant to obtain a declaration of non-liability. In Lehigh Coal & Navigation Co. v. Central R. of New Jersey, D.C., 33 F.Supp. 362, at page 365, Judge Kalodner, then of this court, now of the Court of Appeals of the Third Circuit, said: "Construction and interpretation of written instruments (including contracts, insurance policies, statutes, ordinances, wills, and trusts) is the principle function of a declaratory judgment proceeding."

Therefore, although there appears to be no case directly in point on the problem, it would seem that the rule is that a declaratory judgment action should not be entertained when it is initiated by a prospective

1. This fact is set forth in the affidavit attached to the motion to dismiss.

2. Even though the suits in Texas were brought in admiralty the plaintiffs' problem will be to prove negligence. There is some question as to whether or not the Texas suits should have been brought in admiralty.

3. In Aktiebolaget Bofors v. United States, D.C., 93 F.Supp. 131, 134, the question arose as to whether in a declaratory judgment proceeding a defendant tortfeasor may be adjudged liable. In this case Judge Holtzoff without analyzing the problem said that "No action may be entertained for a declaratory judgment adjudicating that the defendant is guilty of a tort." This statement, however, is not very helpful in the present case, because it is obvious that a plaintiff in a tort action should not be permitted to obtain a judgment of liability against a defendant in a declaratory judgment proceeding.

In a declaratory judgment proceeding brought by a plaintiff in a negligence action only the liability of the defendant could be determined, and the amount of the damages could not. This obviously is undesirable. In the present case, however, where the prospective defendant is seeking a judgment of nonliability, both the question of liability and the question of the amount of the damages could be determined. The Transcontinental Gas Pipe Line Corporation could, and apparently would, be compelled to file a counter-claim in order to protect its interests, See Rule 13(a), Federal Rules of Civil Procedure, 28 U.S.C.A., thus bringing before the court both the question of liability and the question of the amount of the damages.

4. The federal act does not differ substantially from other declaratory judgment statutes.

or actual defendant in a tort action. However, since the problem is largely one of discretion of a court, it seems that conceivably there might be an exception to the rule, the exception being that the declaratory judgment proceeding should be permitted in this type of case when it would be in the interest of justice or for the convenience of the parties to permit it.

In the present case the accidents happened near Philadelphia and it can be assumed that practically all the witnesses will come from an area close to Philadelphia. It would seem, therefore, that the parties can try their action here more conveniently than they can try it in Texas. It seems also that the actions which have been started in Texas probably cannot be transferred to this court, since the statute permitting transfers, 28 U.S.C.A. § 1404(a), applies only to "civil" actions and the suits in Texas are in admiralty. Puget Sound Tug & Barge Co. v. The Go Getter, D.C., 106 F.Supp. 492.

■ Should a prospective defendant in a negligence action be permitted to use a declaratory judgment proceeding merely because it insures for him a convenient forum in which to try the question of his liability? In an attempt to answer this question it is interesting to notice the case of American Ins. Co. v. Bradley Mining Co., D.C., 57 F.Supp. 545. In that case prospective defendant insurance companies sought in California a declaratory judgment of non-liability,[5] although the situs of the insured property was Idaho, the insurance policies were written in Idaho, the premiums were collected there, and the witnesses resided there. The California federal court dismissed the action for a declaratory judgment, because it would not have been convenient to the parties to try the case in California, saying, 57 F.Supp. at page 548, that it is improper "to litigate the issues far from the forum where justice and equity so clearly indicate they should be determined."

But although a court should dismiss a declaratory judgment proceeding when the convenience of the parties and the interest of justice require it, does it follow from this that it should accept a case for the sole reason that doing so would serve the convenience of the parties? I think not. If a court should accept declaratory judgment cases merely because it would further the convenience of the parties, a declaratory judgment proceeding could be used almost as a substitute for the Transfer Statute, 28 U.S.C.A. § 1404(a). It seems to me that if transfers are to be permitted more widely, this should be done either by a more liberal construction of the Transfer Statute or by an Act of Congress, and not by a new use of the Declaratory Judgments Statute.

■ Plaintiff's complaint sets forth three causes of action. The request for a declaratory judgment is listed as the second cause of action. Under the first cause of action plaintiff asks for an injunction to enjoin defendant from an alleged improper maintenance and operation of its pipe line under the Delaware river at Marcus Hook. Since the damaging of the pipe line on January 26, 1951, and again on August 17, 1951, defendant has installed a temporary six-inch pipe line and a second twelve-inch pipe line across the river. The old twelve-inch pipe line and the new six-inch pipe line have been abandoned. The new twelve-inch pipe line seems to have been installed and maintained in such a way that it meets all the objections of the plaintiff. Plaintiff's counsel admitted this at the time of the argument. In view of this, it would seem that there can be no need for the injunction requested by plaintiff in the first cause of action of the complaint. However, I will not dismiss the first cause of action, but will take action in reference to it when the case comes up for trial.

The third cause of action claims damages to reimburse plaintiff for its expense in its efforts to minimize and alleviate the dangers resulting from the escape of gas, which came from the broken pipe line. Defendant moves to dismiss this cause of action on the alleged ground that it is clear

5. This is a type of action which is well recognized as a proper use of a declaratory judgment proceeding.

that plaintiff did not expend $3000 in its efforts to minimize and alleviate the danger. It seems clear that the sum of $3000 was not spent to minimize and alleviate the danger, but the third cause of action will not be dismissed for the reason that these expenses may be considered incidental expenses properly associated with the prayer for the injunction requested in the first cause of action.

It is ordered as follows:

1. Defendant's motion to dismiss plaintiff's first cause of action is denied.

2. Defendant's motion to dismiss plaintiff's second cause of action (the cause of action requesting a declaratory judgment) is granted and plaintiff's second cause of action is hereby dismissed.

3. Defendant's motion to dismiss plaintiff's third cause of action is denied.