**STATES STEAMSHIP COMPANY, a corporation, Libelant,**

v.

**George FEATHERSTONE and Don Sigurdson, Respondents.**

**Civ. No. 64–480.**

United States District Court
D. Oregon.

April 27, 1965.

---

Wood, Wood, Tatum, Mosser & Brooke, Erskine Wood, Portland, Or., for plaintiff.

Pozzi, Levin & Wilson, Philip A. Levin, Portland, Or., for defendant Sigurdson.

Carney & Snashall, Richard R. Carney, Portland, Or., for defendant Featherstone.

EAST, District Judge.

Libelant, in its—"Libel for Damages and Declaratory Relief":

(a) alleges inter alia:

It has been at all pertinent times the owner and operator of the Steamship Texas;

On or about August 17, 1964, the respondents—

" * * * for the purpose of obtaining employment with libelant on the said vessel, each held out and warranted himself and each other as a capable, competent and satisfactory employee, and by so doing they obtained such employment under a contract by which each undertook for the benefit of libelant, not only to be a capable, competent and satisfactory employee, but to conduct himself in an orderly, faithful and sober manner, and each is estopped to deny that the other was as he was so held out and warranted to be;

"On or about September 13, 1964, while on board said vessel at the port of Yokohama, Japan, respondents failed to conduct themselves as capable, competent and satisfactory employees and in an orderly, faithful and sober manner, but instead misconducted themselves by fighting together, in consequence of which each suffered injury;

"The misconduct of respondents resulting in their respective injuries proximately caused libelant to incur expenses, which are presently known to amount to approximately $1000, and which may include other amounts not presently known;

"Libelant is informed and believes that respondent Featherstone has claimed that libelant is under some liability to him in connection with respondents' misconduct, and is contemplating filing suit against libelant in connection with such claim. Libelant has reason to believe that respondent Sigurdson may also contemplate making such a claim and bringing such suit against libelant * * *; and

"Libelant is not liable to respondents, or either of them, upon any claim or action arising from the premises. On the contrary, libelant has been and is damaged in the aforesaid amount of $1000 * * *."

(b) and prays inter alia:

" * * * that libelant have a decree against respondents and each of them for the amount of its damages

alleged herein, and declaring that libelant is under no liability to respondents or either of them with respect to any injury of respondents or other claim of respondents which may arise from the premises, and declaring in addition that each of the respondents is and shall be liable to libelant for any loss, * * *."

The respondent George Featherstone [Featherstone] has excepted to the libel on two separate grounds, of which only the following will be dealt with:

"That this Court shall not exercise its jurisdiction herein so as to deprive a seaman of his rights under the Jones Act (Title 46 U.S.C., sec. 688) to a trial by jury in the state court on his action for damages for personal injuries sustained while in the employe of the Libelant."

The libelant feels that it is the proper course to bring both of the respondents into this " * * . * court face to face and let the Court determine which one is to blame, and which one, if at all, is entitled to damages from the Shipowner, for failure to maintain discipline, and which one, as the primary wrong-doer, should reimburse the Shipowner for any expense which the Shipowner has incurred, or damages which may be decreed against the Shipowner in this case. In short, the purpose is to bring all the parties in interest into one concourse in this court, and avoiding a multiplicity of suits, have their respective rights and liabilities as to the maintenance, damages, indemnity, etc. adjudicated.

" * * * But the purpose goes further. It is an attempt to stop the growing practice among seamen of indulging in personal fights on shipboard in violation of their own Union Agreements and Shipping Articles, and then putting the Shipowner to the expense of transportation home, maintenance, unearned wages and possible damages."

Featherstone contends that—"It is obviously the purpose of this proceeding to prevent the seamen from filing their actions for damages in the state courts, and to allow the shipowners to choose the forum in which the action should be tried and thus to allow the shipowners to select the court in which its liability will be determined."

This Court takes sides with Featherstone, and the exceptions to the libel will be allowed.

■ As feared by libelant, it may well be subjected to action by either one or both of the respondents as it is gospel that a seaman

" * * * when injured in the course of his employment by an assault by another seaman, may recover damages from the ship owner either under the doctrine of unseaworthiness or under the theory of negligence under the Jones Act [46 U.S.C.A. § 688] (Boudoin v. Lykes Bros. S. S. Co., Inc. (1955) 348 U.S. 336 [75 S.Ct. 382, 99 L.Ed. 354], 1955 AMC 488. * * *"

Furthermore, the seaman might bring his action in this Court or in the Oregon Circuit Court, and if such an action is commenced in the Oregon Circuit Court, this Court may not entertain a removal of the cause T. 45 U.S.C.A. § 56.

■ It is appropo to apply here what was said in Sun Oil Company v. Transcontinental Gas Pipeline Company, 108 F.Supp. 280 (E.D.Penn.1952), aff'd 3 Cir., 203 F.2d 957:

"[2] Plaintiff's counsel has cited no case, and a careful examination of the numerous reported declaratory judgment cases has failed to disclose a single case where a prospective defendant in a negligence action has obtained or even requested a declaration of his non-liability to a prospective plaintiff. A careful reading of the sections on the jurisdiction of courts in declaratory judgment cases and on the history and purpose of declaratory judgment acts in Borchard, Declaratory Judgments (2d ed., 1941) indicates that it is not one of the purposes of the declaratory judgment acts to enable a prospective negligence action defendant to obtain a declara-

tion of non-liability. In Lehigh Coal & Navigation Co., v. Central R. of New Jersey, D.C., 33 F.Supp. 362, at page 365, Judge Kalodner, then of this court, now of the Court of Appeals of the Third Circuit, said:

" 'Construction and interpretation of written instruments (including contracts, insurance policies, statutes, ordinances, wills, and trusts) is the principle function of a declaratory judgment proceeding.'

"Therefore, although there appears to be no case directly in point on the problem, it would seem that the rule is that a declaratory judgment action should not be entertained when it is initiated by a prospective or actual defendant in a tort action. However, since the problem is largely one of discretion of a court, it seems that conceivably there might be an exception to the rule, the exception being that the declaratory judgment proceeding should be permitted in this type of case when it would be in the interest of justice or for the convenience of the parties to permit it."

■ California Association of Employers v. Building and Construction Trades Council, 178 F.2d 175 (9th Cir. 1949) and a legend of subsequent decisions of the Court of Appeals for the Ninth Circuit are to the effect that the District Court has discretion in determining whether to exercise its jurisdiction in a declaratory judgment action proceeding.

■ The libelant makes no showing that "it would be in the interest of justice or for the convenience of the parties" for this District Court rather than an Oregon Circuit Court to adjudicate the ultimate issues of any future litigation by either of the seamen against the libelant. For cases where this Court refused as a matter of discretion to exercise jurisdiction in situations analogous to that presented here, see State Farm Mutual Automobile Insurance Co. v. Moore et al., 177 F.Supp. 520, 522 (D.Or.1959) and

United Pacific Insurance Co. v. Brown et al., 240 F.Supp. 223 (D.Or. April 16, 1965). As stated in United Pacific Insurance Company, supra, there is no showing here that the Oregon Circuit Court is not as able as is this Court to timely and fairly decide the issues to be presented. I will, as a matter of discretion, refuse to exercise jurisdiction in this cause.

What is said here is not to imply that the libelant might not have entree to this Court to recover indemnity from a defaulting seaman under the warranties alleged.

Counsel for the respondent Featherstone may present an appropriate order.