DONALD DITZLER AND ANOTHER v. DONALD SPEE. DONALD SPEE v. DONALD DITZLER, INDIVIDUALLY AND AS FATHER AND NATURAL GUARDIAN OF CHRISTI DITZLER, A MINOR.

180 N. W. (2d) 178.

September 25, 1970—No. 42480.

*Erickson, Zierke, Kuderer, Utermarck & Sinor* and *Charles R. Zierke,* for petitioners.

*Berens, Rodenberg & O'Connor* and *R. T. Rodenberg,* for respondent.

OTIS, JUSTICE.

This matter is before the court on an alternative writ of prohibition secured by the plaintiffs Ditzler to enjoin the prosecution of a declaratory judgment action instituted by defendant Spee. The issue is whether a defendant in a personal injury action brought by the owner and by the operator of an automobile can require that the unsued claim of plaintiffs' minor child be litigated in the same proceedings. The lower court held that under the peculiar circumstances of this case defendant Spee was entitled to have the liability question as to both the parents and their child determined in one action. We agree. The writ is therefore discharged.

Plaintiff Marlene Ditzler in her complaint alleges that on October 3, 1968, she was operating an automobile in Martin County when she was forced off the road by defendant Spee who was driving a tractor, resulting in personal injuries to Mrs. Ditzler. She and her husband brought an action for her personal injuries and for medical expenses and damage to the vehicle sustained by Donald Ditzler. Thereafter, defendant Spee brought a declaratory judgment action against Donald Ditzler individually and as father and natural guardian of his minor child, Christi Ditzler. Therein he alleges that Christi was a passenger who was injured in her mother's automobile at the time of the accident and that she is represented by the same attorneys who represent her parents. Spee, in his action, seeks an adjudication that he is not liable to Christi.

Donald Ditzler on behalf of his daughter, through the same attorneys who represent her parents, moved the trial court for an order dismissing the declaratory judgment action. Spee countered with a motion seeking an order consolidating the case for trial with the action brought by the elder Ditzlers. In March 1970, the trial court entered the following order and memorandum which gave rise to the petition for a writ of prohibition:[1]

"IT IS HEREBY ORDERED THAT:

"(1) The motion to dismiss is denied; the motion to consolidate is granted; and,

"(2) The consolidated cases may remain for trial on the Spring Term in Martin County, set down for trial at the foot thereof as No. 11; provided, however, at Ditzlers' option the matters may be continued for trial at the next general term in Martin County or whenever due note of issue in No. 16849 has been served and filed, whichever is later in time; and,

"(3) The trial proceeding shall be confined to the issues of negligence between all parties and the damages claimed by the elder Ditzlers. If it is desired to determine Christi Ditzler's damage claims at this proceeding, the Court will entertain a motion to interpose those claims; and,

"(4) The matters and issues so consolidated for trial shall not in any event be tried before Ditzlers, upon timely and prompt proceedings under the rules directed to that end, have had opportunity to review this order by an appropriate appellate proceeding if they so desire.

"Dated this 3rd day of March, 1970."

This appears to be a case of first impression. Courts have uniformly permitted liability carriers to litigate by declaratory judgment questions of coverage.[2] With equal unanimity, they have refused potential defendants the right to initiate a declara-

---

[1] The court's memorandum is set forth in an appendix.

[2] 6A Moore, Federal Practice (2 ed.) par. 57.19; 20 Appleman, Insurance Law and Practice, § 11332.

tory judgment action for the purpose of establishing their freedom from tort liability with respect to unsued claims. However, no case has come to our attention which turns on the peculiar circumstances created by our decision in Lustik v. Rankila, 269 Minn. 515, 131 N. W. (2d) 741. That and other of our recent decisions[3] expose Spee to the unfair possibility of becoming liable to Christi Ditzler if he is found liable to her parents, but does not foreclose Christi from bringing a separate action in her own right against Spee if Spee prevails in the first litigation.

It is apparent that Christi also seeks to avoid aggravating what is already a conflict of interests between her father as her natural guardian and her father as a potential defendant in a suit which she may hereafter bring against him.[4] There is no effort here to require the child to litigate the question of damages unless she elects to do so. However, as a matter of fundamental justice and sound judicial administration, where there are common liability issues and it is obvious that a claim will be asserted and that the purpose in delay is primarily to obtain a tactical advantage, it is clearly within the discretion of the trial court to entertain an action for a declaratory judgment compelling the liability issues to be determined only once.

Minn. St. 555.01 of the Declaratory Judgment Act provides that courts "shall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed. * * * The declaration may be either affirmative or negative in form and effect * * *." The statute goes on to express a broad purpose of terminating controversies or removing uncertainties, giving the trial court discretion to refuse or grant

---

[3] Radmacher v. Cardinal, 264 Minn. 72, 117 N. W. (2d) 738; McCarty v. Budget Rent-a-Car, 282 Minn. 497, 165 N. W. (2d) 548; Thill v. Modern Erecting Co. 284 Minn. 508, 170 N. W. (2d) 865.

[4] Where there is such an obvious conflict of interest, it is the duty of the trial court to appoint an independent guardian ad litem for the minor child who should be represented by separate counsel not connected with counsel for her father.

relief. Under § 555.09, fact questions may be resolved in the same manner as in other civil actions. All persons shall be made parties who have or claim any interest which would be affected by the declaration. § 555.11. Finally, the statute declares the chapter to be remedial. "* * * [I]ts purpose is to settle and to afford relief from uncertainty and insecurity with respect to rights, status and other legal relations; and is to be liberally construed and administered." § 555.12.

In discussing the use of declaratory judgments where carriers seek to disclaim liability, Borchard, Declaratory Judgments (2 ed.) p. 645, states:

"* * * Instead of awaiting the pleasure of the accuser or claimant in bringing his demand or claim to adjudication, legislators and courts have found that social peace is promoted by taking under judicial cognizance the desire of the party charged or in jeopardy to be relieved of the peril, the insecurity and the uncertainty created by an unjust claim, actual or potential."

The case law authorizing negative relief is now embodied in our statute. 1 Anderson, Declaratory Judgments (2 ed.) § 241.

Nothing in Stark v. Rodriquez, 229 Minn. 1, 37 N. W. (2d) 812, is inconsistent with the result we here reach. There, an employer attempted to determine by declaratory judgment the amount of wages he owed an employee. The trial court refused to hear the matter and sustained a demurrer on the ground the court had no jurisdiction and the complaint did not state a cause of action. We held that where the status is not in dispute, and only the amount of wages was involved, declaratory judgment relief was inappropriate. Applying that rule to the instant case, if Spee admitted liability to Christi Ditzler and the trial court declined in its discretion to require the child to litigate her damages, we would undoubtedly affirm.

Several Federal cases and one state decision deserve comment. In Sun Oil Co. v. Transcontinental Gas Pipe Line Corp. (E. D. Pa.) 108 F. Supp. 280, affirmed (3 Cir.) 203 F. (2d) 957, a

shipping firm brought a declaratory judgment action to determine its liability for damages which resulted from dropping an anchor on a pipeline. In that case, as in most others, one reason assigned for refusing to assume jurisdiction was the fact, oft repeated, that it permitted the potential defendant to select the court in which to have his liability determined. That, of course, is not the case in the matter before us where the pending action by the parents and the declaratory judgment suit against the child are in the same county. It is significant, however, that in the Sun Oil case the court made the following observation (108 F. Supp. 282):

"Therefore, although there appears to be no case directly in point on the problem, it would seem that the rule is that a declaratory judgment action should not be entertained when it is initiated by a prospective or actual defendant in a tort action. However, since the problem is largely one of discretion of a court, it seems that conceivably there might be an exception to the rule, the exception being that the declaratory judgment proceeding should be permitted in this type of case when it would be in the interest of justice or for the convenience of the parties to permit it."

We regard the instant case as the type of exception which the court had in mind.

A recent case, States Steamship Co. v. Featherstone (D. Ore.) 240 F. Supp. 830, involved a declaratory judgment action by shipowners against members of the crew injured in a fight with one another while on duty. In refusing to accept jurisdiction, the trial court indicated that its decision hinged largely on the question of permitting venue to be selected by the shipowner (240 F. Supp. 833):

"The libelant [shipowner] makes no showing that 'it would be in the interest of justice or for the convenience of the parties' for this District Court rather than an Oregon Circuit Court to

adjudicate the ultimate issues of any future litigation by either of the seamen against the libelant."

The court concluded by saying:

"* * * I will, as a matter of discretion, refuse to exercise jurisdiction in this cause."

The United States Court of Appeals, Seventh Circuit, recently affirmed the dismissal of a complaint brought under the Uniform Declaratory Judgments Act in a personal injury case where an employer sought a declaration that he was entitled to indemnity from a third person. Cunningham Brothers, Inc. v. Bail (7 Cir.) 407 F. (2d) 1165. The appellate court disapproved this procedure even to avoid a multiplicity of actions, stating as its reasons (407 F. [2d] 1169):

"* * * Since the sustaining of plaintiff's suit in the instant case would force an injured party to litigate a claim which he may not have wanted to litigate at a time which might be inconvenient to him or which might precede his determination of the full extent of his damages, and in a forum chosen by the alleged tortfeasor, we hold that the action was inappropriate for declaratory relief and was therefore properly dismissed against the individual defendants."

As we have already noted, the case before us neither requires the injured party to litigate her damages nor does it deprive her of a forum of her own choosing.

Finally, the Rhode Island Supreme Court dealt with a problem in many ways analogous to that before us in Employers' Fire Ins. Co. v. Beals, 103 R. I. 623, 240 A. (2d) 397. There, one child in a classroom struck another child in the eye with a pencil, blinding him. The offender was covered by liability insurance if the injury was accidentally inflicted but not covered if it was intentional. The carrier thereupon sought by declaratory judgment to establish its lack of liability and in so doing joined the children involved, to try in effect the principal issue of how the accident

occurred. The trial court dismissed the complaint, and the supreme court affirmed with this statement (103 R. I. 627, 240 A. [2d] 400):

"The narrow issue raised by this appeal is whether or not the trial justice in denying insurer's request for a declaratory judgment so abused his discretion as to warrant a reversal of his actions. For the reasons which follow, we think he acted with propriety and accordingly uphold his decision.

\* \* \* \* \*

"\* \* \* Among the factors considered by courts in this regard are the inconvenience and burden to respective litigants and the inequitable conduct on the part of the individual seeking the relief. \* \* \* Courts have, for example, not infrequently admonished insurance attorneys against the unfair use of declaratory judgments as a procedural fencing technique to influence unduly the choice of a forum, to wrest control of litigation from injured parties, or to cause a confusing alteration of the burden of proof or the burden of going forward with evidence. \* \* \* If it appears that a declaratory judgment would work such resultant injustice upon any interested party, courts have uniformly rebuffed its attempted invocation."

Again, as applied to the facts of the instant case, there are decisive distinctions. First, this is not an insurance company bringing the action but the individual defendant; second, there is no attempt to usurp the injured party's prerogative of selecting her own forum; and, third, we perceive no confusion necessarily involved in the burden of proof or burden of going forward with the evidence. Regardless of which party is plaintiff and which defendant, in order to prevail Christi has the burden of proving that Spee was negligent.

We are quick to agree that in the ordinary personal injury situation there is no occasion for a potential defendant to anticipate the injured party's claim by a declaratory judgment suit. With that basic rule we have no quarrel. Here, however, we can

conceive of no prejudice to the minor in being required to litigate in the same action as her parents the liability issue against Spee.[5] All of the cases hold that this is a matter of discretion with the trial court. In exercising its discretion, the court here simply obviated, as he stated in his memorandum, an unfair advantage which the minor would otherwise enjoy. Whatever may be the philosophy in other jurisdictions, we are committed to avoiding wherever possible a multiplicity of suits involving precisely the same issues, unless substantial prejudice can be shown for so doing. In view of the express purpose of our statute that the Uniform Declaratory Judgments Act be liberally construed to serve its remedial purpose, and in view of the broad discretion which the trial court enjoys, we cannot say that it abused its discretion, and the writ is therefore discharged.

Writ discharged.

## APPENDIX

### "MEMORANDUM

"Ditzlers' counsel argued two main grounds in opposition to what I have done. First, representing both the parents and the child, Christi, placed him in an untenable position if the liability claims of all are tried together. There is a potential adversity between Christi Ditzler and her parents which, he argued with commendable candor, would appear in a joint trial but might be avoided if the parents' lawsuit is tried first and separately. Second, he argued that separate trials give various members of the Ditzlers two chances to prove Spee negligent which is an advantage lost to them if only one trial determines that issue.

"So far as I understand the position, whatever adversity exists between Christi Ditzler and her parents is merely illuminated by the action I have taken, not created by it. The simplest and best solution would be for Christi Ditzler to have separate representation. I am not sufficiently acquainted with the situation to firmly so conclude, but it seems counsel's argument implies his position is untenable in so far as he seeks to represent both the child and the parents. It is difficult to see that Christi Ditzler or her parents are prejudiced if separate representation is obtained for her. Advantages of successive trial opportuni-

---

[5] Whether she joins her parents as defendants is a matter not here directly involved.

ties against Spee to the Ditzlers are undeniable, but that is an advantage to which they are not entitled. Sound administration of justice dictates that multiple proceedings be eliminated where one will suffice.

"I am concerned that Christi Ditzler does not appear by guardian ad litem but was sued through her parent, Donald Ditzler, acting as her father and natural guardian. Because they have adverse interests, I feel a guardian ad litem should be appointed for her. The motion is without prejudice to the right of her duly appointed and qualified guardian ad litem to reopen any of these issues from her point of view.

"Ditzlers wish to proceed without delay; Spee doesn't care when the matter is tried if he can avoid two trials. The order leaves it up to Ditzlers to determine, at their option, whether the consolidated action will be tried at this term or at a later time. Presumably, delay would afford Spee time to serve and file due note of issue for a subsequent term of court. Rule 42 confers power to consolidate matters 'pending' before me without requirement that all matters consolidated be duly on a trial calendar or, even, at issue. The only Minnesota authority dealing with the problem that I know of was decided before the rules took effect. It is my view the power to consolidate is limited only by questions of actual prejudice, convenience of witnesses, the proper administration of justice, and substantial justice between the parties. I have framed this order with those considerations in mind.

"Dated the 6th day of March, 1970."