**FRITO–LAY, INC., et al.,**
**Plaintiffs,**

v.

**Henry C. DENT, Jr., et al.,**
**Defendants.**

**No. EC 73–95–S.**

United States District Court,
N. D. Mississippi, E. D.

March 12, 1974.

Hunter M. Gholson, Burgin, Gholson, Hicks & Nichols, Columbus, Miss., for plaintiffs.

Thomas C. Harvey, Jr., Dudley H. Carter, Carter & Carter, James A. Dale, III, Joe O. Sams, Jr., Douglas C. Stone, Columbus, Miss., for defendants.

MEMORANDUM OF DECISION

ORMA R. SMITH, District Judge.

This declaratory action was instituted by Frito-Lay, Inc. (Frito-Lay) and M. T. Taggart (Taggart) on October 18, 1973 against Henry Dent, Jr. (Dent), Jackie Harris (Harris), and Mrs. Roseland Bostwick (Bostwick).

The complaint states that plaintiff Frito-Lay, Inc. is a corporate nonresident of Mississippi; that plaintiff Taggart is a resident of Lowndes County, Mississippi; that defendant Dent is a resident of Alabama, but is available for personal service of process within the territorial jurisdiction of the court; that defendant Harris is a nonresident of Mississippi and is available for personal service of process in Little Rock, Arkansas; and that defendant Bostwick is a nonresident of Mississippi and is available for personal service of process in Jacksonville, Florida.

The complaint states that the action is filed for the purpose of determining a question of actual controversy between the parties. The controversy is said to arise from a collision or collisions of motor vehicles which occurred on Highway 373 in Lowndes County, Mississippi on January 18, 1971.

It is alleged that on the date last mentioned a truck belonging to Frito-Lay, Inc. and operated in its behalf by its servant and agent, Taggart, became disabled while moving along said highway, as a result of which Taggart stopped the truck on the side of the highway and as far upon the shoulder thereof as could be safely accomplished in order to determine the source of the trouble; that Bostwick drove her vehicle along said highway at an unlawful and excessive rate of speed and collided with said truck; that an automobile being driven by one Dwight C. Laughlin came upon the scene thus created and negligently drove his vehicle into an automobile approaching the scene from the opposite direction and as a result of such collision Dent and Harris, passengers in Laughlin's vehicle, were injured.

The complaint further states that following the accident suits were filed in this court by various parties, seeking to recover damages from Frito-Lay and Taggart because or on account of the alleged negligence of Frito-Lay and Taggart in the operation of said truck, proximately contributing to or causing the said accident and the injuries suffered by the several plaintiffs on account thereof.

Plaintiffs Frito-Lay and Taggart also charged in the complaint that while defendants Dent, Harris and Bostwick, had not commenced an action for damages against them or either of them, such defendants had retained attorneys and Frito-Lay and Taggart had been notified that such suits were imminent. Frito-Lay and Taggart charged that other actions already filed in this court had been consolidated for trial in February 1974.

Taking the position that all potential actions against them growing out of the above mentioned accident involve common questions of law and facts and that the interest of all parties, including the court, would be best served by consolidating all actions for trial at one time, Frito-Lay and Taggart seek a declaratory judgment herein that they are not liable to defendants, or either of them, for any damage or injury arising out of the accident, or, in the alternative, that the claims of defendants Dent, Harris and Bostwick be consolidated for trial with the actions above mentioned, now pending in this court. Such a judgment contemplates that defendants Dent, Harris and Bostwick would be forced to submit their claims to this court for determination, although they have not elected to do so.

Process for Harris was served upon the attorney retained by him to prosecute his claim for damages against the plaintiffs herein, but he has not appeared in the action in response thereto. Harris has, however, commenced an action in this court which is now pending on the docket.

Mrs. Bostwick was served with process in this action by service of the summons upon an attorney who is said to represent her in her claim against plaintiffs. The plaintiffs have also caused a process to be served under the Mississip-

pi's long-arm statute [1] on the Secretary of State as Mrs. Bostwick's process agent in the state. The copy of the process sent by mail by the Secretary of State to the address given by plaintiffs was returned undelivered and unclaimed by the addressee. Mrs. Bostwick has not appeared in the action sub judice in response to the process. A default has not been entered against her.

Defendant Dent has been personally served with process (October 25, 1973), but he has not answered or otherwise appeared in response thereto. A default has not been entered against him.

Plaintiffs, on December 26, 1973, moved the court for an order joining David Shelton, Administrator of the Estate of Dwight C. Laughlin, as a party defendant. Process was personally served on this defendant on December 28, 1973, but he has not responded thereto and default has not been entered against him.

The plaintiffs also filed a motion with the court on December 26, 1973 to permit plaintiff Taggart to withdraw as a party plaintiff in the action.

Plaintiffs Frito-Lay and Taggart filed a motion with the court on December 26, 1973 asking that the court consolidate for trial the action sub judice, and the actions of Harris (EC 73–109–S), Morrison, et al (EC 72–7–S) and Tepper, Etc. (EC 72–80–S).

The court has not, as yet, acted by formal order upon any of the motions above mentioned.

Since the filing of the several motions aforesaid, in accordance with previous settings, the court proceeded to trial with Morrison, et al v. Frito-Lay, Inc., et al, No. EC 73–7–S, and Tepper, Etc. v. Frito-Lay, Inc., et al, No. EC 72–80–

S. Final judgments have been entered in those actions. Harris v. Frito-Lay, Inc., et al, No. EC 73–109–S has not been tried.

The court has concluded that it is proper for the court to consider the dismissal of the action sub judice on its own motion.

■ It is settled that whether a federal district court will entertain an action for declaratory judgment under 28 U.S.C. § 2201 [2] rests in the sound discretion of the court. Justice Frankfurter, speaking for the Supreme Court, said in Brillhart v. Excess Ins. Co. of America (1942), 316 U.S. 491, 494, 62 S.Ct. 1173, 1175, 86 L.Ed. 1620, 1625:

> Although the District Court had jurisdiction of the suit under the Federal Declaratory Judgments Act, . . . it was under no compulsion to exercise that jurisdiction. The petitioner's motion to dismiss the bill was addressed to the discretion of the court.

See, also, Wright & Miller, Federal Practice and Procedure, Civil § 2759.

■ The precise issue in the action sub judice is whether the Declaratory Judgments Act may or should be used as a means by which a prospective negligence action defendant may obtain a declaration of non-liability, or, failing in such an endeavor, to force all prospective claimants to submit their claims to the jurisdiction of the court for final determination.

It has been said that "it is not one of the purposes of the declaratory judgments acts to enable a prospective negligence action defendant to obtain a declaration of non-liability." Id. § 2765. In making reference to this rule, the authors of Wright and Miller, Federal

---

1. Miss.Code, 1972, § 13–3–63.

2. 28 U.S.C. § 2201, provides:
   In a case of actual controversy within its jurisdiction, except with respect to Federal taxes, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

774

Practice and Procedure, said, at pages 839–840, § 2765:

> They have felt that though a declaratory action might reduce multiple litigation with a number of injured persons, this result should not outweigh the right of a personal injury plaintiff to choose the forum and the time, if at all, to assert his claim.

The court has concluded that it should not entertain jurisdiction of an action which seeks relief of the character sought by plaintiffs in the action sub judice.

■ Accordingly, the court will, sua sponte, enter an order dismissing the action without prejudice to the rights of the parties.