**K.M.S. RESEARCH LABORATORIES, INC., Appellant,**

v.

**Nancy P. WILLINGHAM, Appellee.**

**No. 20895.**

Court of Appeals of Texas, Dallas.

Feb. 8, 1982.

Michael Braden, Carrington, Coleman, Sloman & Blumenthal, Dallas, for appellant.

Joe Smith, Baker, Foreman & Boudreaux, Dallas, for appellee.

Before CARVER, WHITHAM and GUILLOT, JJ.

GUILLOT, Justice.

This is an appeal from the granting of a motion to dismiss a counterclaim under the Uniform Declaratory Judgments Act. Appellant alleges the trial court erred by not allowing appellant an opportunity to state a cause of action by amending its pleadings. We disagree with appellant and affirm.

Nancy P. Willingham filed a personal injury suit in Dallas County against The Hair Jammer and KMS Research Laboratories, Inc. alleging she had been harmed by a certain hair product. The Hair Jammer's plea of privilege was sustained and that portion of the action was transferred to Collin County. KMS, being held to answer in Dallas, filed a counterclaim under the Uniform Declaratory Judgments Act, Tex. Rev.Civ.Stat.Ann. art. 2524–1 (Vernon 1965), asking for a determination as to whether it was liable to Willingham. Willingham then took a non-suit against KMS and filed a "Motion to Dismiss" KMS' counterclaim on the ground that KMS failed to state a cause of action. The motion to dismiss was granted and KMS appeals.

KMS' two points of error are related. The first is that the trial court should have given KMS opportunity to amend its counterclaim in order to set forth a cause of action. The second is that, given the oppor-

tunity, KMS could have in fact pleaded a cause of action under the Uniform Declaratory Judgments Act. We need not pass on the first point, since we hold that even if KMS had been permitted to amend, no proper cause of action for declaratory relief could have been stated.

KMS' counterclaim seeks a determination of non-liability for the injury alleged by Willingham. At the outset, we admit the language of the Uniform Declaratory Judgments Act does appear broad enough to encompass a declaration of non-liability to an alleged tortfeasor. Section 1 provides that the courts:

[S]hall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed. No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for. The declaration may be either affirmative or negative in form and effect; and such declaration shall have the force and effect of a final judgment or decree.

Tex.Rev.Civ.Stat.Ann. art. 2524–1, § 1 (Vernon 1965).

Texas cases on this use of the Act provide little guidance. In *Ainsworth v. Oil City Brass Works*, 271 S.W.2d 754 (Tex.Civ.App.—Beaumont 1954, no writ), the Beaumont Court of Civil Appeals held that the Act was a proper mode for determining the right of a forge to continue in operation in the face of threatened nuisance lawsuits. In *Southern Traffic Bureau v. Thompson*, 232 S.W.2d 742 (Tex.Civ.App.—San Antonio 1950, writ ref'd n.r.e.) the San Antonio Court denied the use of the Act to parties who sought a declaration as to whether certain claims handling methods constituted barratry. Finally, in *Emmco Insurance Company v. Burrows*, 419 S.W.2d 665 (Tex. Civ.App.—Tyler 1967, no writ), the Tyler court also denied use of the Uniform Declaratory Judgments Act where there was a purely factual question of whether or not the defendants had acted in "consort" to suspend interest payments on a note.

In seeking more positive guidance, we observe that Section 15 of the Act provides:

This Act shall be interpreted and construed as to effectuate its general purpose to make uniform the law of those States which enact it, and to harmonize, as far as possible, with federal laws and regulations on the subject of declaratory judgment and decrees.

Thus, by express legislative intent, our decision must be made in conformity with other jurisdictions.

The federal cases are unequivocal. While noting that refusing to enter a declaratory decree is discretionary with the trial court, every case found holds that litigation of liability by a potential defendant in a tort action is an improper use of declaratory judgment legislation. *See Cunningham Brothers, Inc. v. Bail*, 407 F.2d 1165 (7th Cir.), *cert. denied*, 395 U.S. 959, 89 S.Ct. 2100, 23 L.Ed.2d 745 (1969); *Frito-Lay, Inc. v. Dent*, 373 F.Supp. 771 (N.D.Miss.1974); *States Steamship Company v. Featherstone*, 240 F.Supp. 830 (D.Ore.1965); *Sun Oil Co. v. Transcontinental Gas Pipe Line Corp.*, 108 F.Supp. 280 (E.D.Pa.1952), aff'd, 203 F.2d 957 (3rd Cir. 1953).

Among the States, it appears that only Idaho has ruled on this application of declaratory judgments, and it, too, has held this use improper. *See Ennis v. Casey*, 72 Idaho 181, 238 P.2d 435 (1951). Only in *Ditzler v. Spee*, 288 Minn. 314, 180 N.W.2d 178 (1970), has a state court allowed the use of a declaratory judgment action to litigate tort liability. In *Ditzler*, however, the need to prevent multiple lawsuits and the peculiar positions of the parties appear to have been overriding considerations.

Thus, following the express intention of the Act to harmonize the laws of Texas with those other States and the federal laws, we hold that KMS improperly attempted to litigate its liability to Willingham by seeking a declaratory judgment. Therefore it could not have stated a cause of action under the Act and Willingham's motion to dismiss was properly denied.

■ Furthermore, the entertaining of a declaratory judgment rests with the sound discretion of the trial court. *Presi-*

*dent v. Vance,* 627 F.2d 353 (D.C.Cir.1980). We find no abuse of discretion.

Affirmed.

CARVER, Justice, dissenting.

I respectfully dissent. In my view, the Uniform Declaratory Judgment Act is a proper vehicle for a defendant's *counterclaim* seeking a declaration of non-liability to a particular tort claim as asserted in a plaintiff's suit on file. Consequently, I would hold that the trial court erred in dismissing the counterclaim on the ground that it failed to state a cause of action.

The scope of the Uniform Declaratory Judgment Act is stated as follows:

Courts of record within their respective jurisdictions shall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed. No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for. The declaration may be either affirmative or negative in form and effect; and such declarations shall have the force and effect of a final judgment or decree.

Tex.Rev.Civ.Stat.Ann., art. 2524–1, Sec. 1 (Vernon 1965). There is nothing on the face of the statute that would prevent the court from hearing the *counterclaim.* While the majority admits the above is true, they proceed to "interpret" the scope of the Act, based on several federal cases and one Idaho case, so as to preclude the determination of non-liability.

The majority relies primarily on four federal cases, *Cunningham Bros., Inc. v. Bail,* 407 F.2d 1165, 1167 (7th Circ.), *cert. denied,* 395 U.S. 959, 89 S.Ct. 2100, 23 L.Ed.2d 745 (1969); *Frito-Lay Inc. v. Dent,* 373 F.Supp. 771, (N.D.Miss.1974); *States Steamship Co. v. Featherstone,* 240 F.Supp. 830, (D.Ore. 1965); *Sun Oil Co. v. Transcontinental Gas Pipe Line Co.,* 108 F.Supp. 280, (E.D.Pa. 1952), aff'd., 203 F.2d 957 (3rd Circ. 1953), to which are ascribed the proposition that a defendant's cross-action in a tort case may not seek a determination of non-liability by way of a declaratory judgment. None of these cases so hold. All of their cited cases

concern a declaratory determination of non-liability initiated by a *prospective defendant.* These cases merely refused to permit a *potential* defendant to compel an injured party to litigate his claim at a time and forum chosen by the alleged tort-feasor. Here, we are concerned with an *actual*, not a *prospective*, defendant brought into a suit at a time and forum chosen by the injured party as plaintiff. Consequently, the "procedural safeguards" accorded injured persons, not yet plaintiffs, which *Cunningham, Frito-Lay, Featherstone,* and *Sun Oil* sought to protect, are not violated by the counter-claim for declaratory relief filed after those procedural safeguards" have been fully enjoyed and the injured party's suit has actually been filed.

The remaining case relied on by the majority is *Ennis v. Casey,* 72 Idaho 181, 238 P.2d 435 (1954), which likewise fails to support their position. In *Ennis,* the Idaho Supreme Court held that a default judgment was void for lack of service of process. The court specifically noted that the issue of liability was *not* before them. Accordingly, the courts discussion of the applicability of a declaratory judgment to the determination of non-liability is merely dicta, and of no precedential value to to the majority's opinion.

In any event, I would reject *Cunningham, Frito-Lay, Featherstone, Sun Oil,* and *Ennis* and join in the view set out in Borchard, Declaratory Judgments (2d.ed) which states:

" . . . Instead of awaiting the pleasure of the accuser or claimant in bringing his demand or claim to adjudication, legislators and courts have found that social peace is promoted by taking under judicial cognizance the desire of the party charged or in jeopardy to be relieved of the peril, the insecurity and the uncertainty created by an unjust claim, actual or potential."

Id. at 645. *See Ditzler v. Spee,* 288 Minn. 314, 180 N.W.2d 178, 181 (1970).

As I have already noted, the case before us does not concern an action brought by a

potential defendant to anticipate an injured party's claim by a declaratory judgment but, instead, concerns a counterclaim brought by an *actual* defendant. Consequently, there is no danger, as seen in the authorities relied upon by the majority, of depriving the injured party of the right to choose the time and forum to litigate one's claim. Nancy Willingham chose the time and forum, and now, since her choice of forum seems improvident, she has taken a non-suit and secured the dismissal of KMS' counterclaim. To affirm this case is to nullify the plain right granted KMS by the Declaratory Judgment Act to conclude the specific peril stated in Nancy Willingham's petition, and in the forum she selected.

In view of the legislative expression contained within the Declaratory Judgment Act that the act be liberally construed to serve its remedial purpose, the dismissal should be reversed and KMS' counterclaim tried.