James "Buster" DOUGLAS, John Johnson, and The Mirage Casino–Hotel, a Nevada corporation, Plaintiffs,

v.

DON KING PRODUCTIONS, INC., a New York corporation, Defendant.

No. CV–S–90–138–HDM.

United States District Court, D. Nevada.

April 9, 1990.

C. Stanley Hunterton, Las Vegas, Nev., for plaintiffs.

Paul R. Hejmanowski and Gregory D. Morrison, Lionel, Sawyer & Collins, Las Vegas, Nev., Robert W. Hirth, Sidley & Austin, New York City, for defendant.

## ORDER

McKIBBEN, District Judge.

James "Buster" Douglas and his manager, John Johnson, seek a judgment declaring that two contracts between Douglas and Don King Productions (DKP) are unenforceable. The Mirage joined Douglas in seeking a judgment that the two contracts are unenforceable and also seeks a declaration that the contract it entered into with Douglas was valid and that its actions did not constitute tortious interference of contract. DKP moves this court to dismiss The Mirage alleging The Mirage has no standing to invalidate the Douglas–DKP contracts and has not presented an actual case or controversy upon which relief may be granted.

On or about December 31, 1988, Douglas entered into a contract with DKP, which gave DKP the exclusive right to promote all of Douglas' fights until 1991. On August 14, 1989, Douglas and DKP entered into a contract, pursuant to which DKP was to promote a heavyweight championship between Douglas and Michael Tyson. The 1989 contract also gave DKP the right to promote the next three fights entered into after the Tyson fight.

On February 10, 1990, Douglas defeated Tyson and became the heavyweight champion of the world. Subsequent to the fight, Douglas and King had disputes, and Douglas and Johnson negotiated with The Mirage to conduct Douglas' first title fight defense at The Mirage without DKP as the promoter. During the negotiations DKP's counsel sent The Mirage a letter informing The Mirage of the existing contracts between DKP and Douglas. The negotiations resulted in an agreement contingent on a waiver of all rights by DKP or a court order declaring the contracts between Douglas and DKP unenforceable.

■ Actions for declaratory relief are subject to the same limitations of standing and actual case or controversy as any other litigation. *Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 102 S.Ct. 752, 70 L.Ed.2d 700 (1982). To obtain judicial relief, a plaintiff must allege such a personal stake in the outcome of the controversy "as to warrant his invocation of federal court jurisdiction and to justify exercise of the court's remedial powers on his behalf." *Warth v. Seldin*, 422 U.S. 490, 498, 95 S.Ct. 2197, 2205, 45 L.Ed.2d 343 (1975). To allege a personal stake, the plaintiff must show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the other party. *Diamond v. Charles*, 476 U.S. 54, 106 S.Ct. 1697, 1703, 90 L.Ed.2d 48 (1986); quoting *Gladstone Realtors v. Village of Bellwood*, 441 U.S. 91, 99 S.Ct. 1601, 1608, 60 L.Ed.2d 66 (1972).

■ The Mirage alleges if the Douglas–DKP contract is unenforceable, it would have an opportunity to promote Douglas' next fight, thus it has alleged a personal stake in the matter. The Mirage is in the same posture as other would-be promoters who would like to promote Douglas' next fight. Since the contingencies in The Mirage–Douglas agreement may never occur, the contract is too speculative to constitute an actual or threatened injury cognizable at this time in this declaratory judgment action. *See Diamond v. Charles*, 476 U.S. 54, 106 S.Ct. 1697, 90 L.Ed.2d 48 (1986). The only parties with a legally recognizable personal stake in this matter are the parties to the contract, Douglas and Johnson.

Generally, a plaintiff can assert only his own legal interests and not those of third parties. *Phillips Petroleum Co. v. Shutts,*

472 U.S. 797, 105 S.Ct. 2965, 2970, 86 L.Ed.2d 628 (1985). An exception to this legal principle is that a third person may assert the rights or interests of other individuals who are unable to assert those rights themselves. There is no evidence here that Douglas cannot protect his own rights, and in fact, he has taken steps to do so by filing this action. Therefore, The Mirage has no standing to declare the Douglas–DKP contract unenforceable.

■ The Mirage also asks this court to declare that their contingent contract with Douglas is valid and did not constitute tortious interference of contract. In defining the boundaries of an "actual controversy" in the declaratory judgment context, the Supreme Court has held "the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Arrowhead Indus. Water, Inc. v. Ecolochem, Inc.*, 846 F.2d 731, 735 (Fed.Cir.1988), quoting *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273, 61 S.Ct. 510, 512, 85 L.Ed. 826 (1941). Further, the court cannot grant declaratory relief if the asserted controversy involves only future or speculative rights. *Hunt v. State Farm Auto Ins. Co.*, 655 F.Supp. 284 (D.Nev. 1987).

The court is satisfied from the present record that a judgment declaring the validity of the agreement between Douglas and The Mirage is not yet ripe. First, the agreement is speculative and may never come into existence. Second, the agreement is between Douglas and The Mirage, not DKP.

■ The remaining issue is whether this court can declare The Mirage's activities as non-tortious. A claim based on negligent or intentional acts is not appropriate for decision in a declaratory judgment action. 10 Wright, Miller & Kane, *Federal Practice and Procedure:* Civil 2d § 2765 (1983); *UNC Resources, Inc. v. Benally*, 518 F.Supp. 1046, 1049 (D.Az.1981); *Southern*

*Ins. Co. v. Bennett*, 680 F.Supp. 387, 389 (D.Ga.1988).

Accordingly, Defendant Don King Productions' motion to dismiss The Mirage Casino–Hotel as plaintiff (# 12) is GRANTED.

It is so ORDERED.