MEMORANDUM OPINION ADOPTING REPORT AND RECOMMENDATION
 

 McKEAGUE, District Judge.
 

 This case presents a claim for declaratory judgment relief under 28 U.S.C. § 2201. On March 6, 2000, after having received briefing on the issue, United States Magistrate Judge Joseph G. Scoville issued a report and recommendation recommending that this Court, in the exercise of its discretion, decline to entertain the action. Plaintiffs have timely filed “objections,” consisting of one sentence purporting to incorporate by reference their earlier brief addressed to the magistrate judge.
 

 Under 28 U.S.C. § 636(b), the Court is obliged to undertake
 
 de novo
 
 review of those matters in the report and recommendation as to which objection is
 
 *878
 
 made. Plaintiffs’ general, nonspecific objections, purporting to incorporate by reference their earlier brief, are tantamount to no objection at all and do not warrant further review.
 
 See Neuman v. Rivers,
 
 125 F.3d 315, 322-23 (6th Cir.1997);
 
 Kelly v. Withrow,
 
 25 F.3d 363, 366 (6th Cir.1994); and
 
 Howard v. Secretary of Health & Human Services,
 
 932 F.2d 505, 508-09 (6th Cir.1991). Moreover, the Court has reviewed the report and recommendation in light of plaintiffs’ earlier brief and finds the report and recommendation to be proper and well-reasoned in all respects.
 

 Accordingly, the report and recommendation will be adopted as the opinion of the Court. The Court, in the exercise of its discretion, declines to exercise jurisdiction over this matter. An order of dismissal shall issue forthwith.
 

 REPORT AND RECOMMENDATION
 

 SCOVILLE, United States Magistrate Judge.
 

 This is a declaratory judgment action falling within this court’s diversity jurisdiction. 28 U.S.C. §§ 1332, 2201. The action arises from an automobile accident that occurred in Muskegon County, Michigan, on December 5, 1998. Defendants Gerald R. Parker, Jr. and Brian A. Edgerton, Jr. sustained injuries in that automobile accident. Plaintiffs, the putative tortfeasors, brought this action seeking a declaration that the injured parties are not entitled to recover because of various provisions of Michigan law.
 

 Because defendant Brian A. Edgerton, Jr. is a minor, it was necessary for plaintiff to move for the appointment of a guardian
 
 ad litem
 
 to represent the minor in these proceedings. In response to plaintiffs motion for appointment of a guardian
 
 ad li-tem,
 
 counsel for the minor’s father raised the question whether this court should exercise its discretion to entertain this declaratory judgment action. At a hearing on the motion to appoint a guardian
 
 ad litem,
 
 I directed plaintiffs’ counsel td brief the issue. (Order, docket # 16). Plaintiffs’ counsel has now filed a brief (docket # 19), arguing that this court should exercise its discretion to entertain this declaratory judgment action. For the reasons set forth below, I conclude that this case represents an inappropriate invocation of the declaratory judgment jurisdiction of the federal court. I therefore recommend that the action be dismissed without prejudice on discretionary grounds.
 

 Factual Background
 

 This declaratory judgment action arises from a motor vehicle
 
 [1]
 
 accident that occurred in Muskegon County on December 5, 1998. One motor vehicle was owned by plaintiff Hertz Corporation and operated by its lessee, Thelma Morrison. The other motor vehicle was operated by Brian Edg-erton, Jr., then fifteen years old. Allegedly, Brian Edgerton, Jr. did not have a driver’s license or a permit, and the vehicle that he was operating was not titled or insured. Also occupying the vehicle was defendant Gerald R. Parker, Jr., the apparent owner of the car, and members of his family. Brian Edgerton, Jr. and Gerald Parker, Jr. suffered serious injuries as a result of the accident.
 

 In April of 1999, Gerald R. Parker, Jr. filed a negligence action in the Muskegon County Circuit Court. That action, styled
 
 Gerald R. Parker, Jr. v. Thelma Grace Morrison, Allstate Insurance Co., and Hertz Rentr-a-Car, Inc.,
 
 file no. 99-39261, alleges that Thelma Morrison was negligent in that she disregarded a stop sign and struck the vehicle occupied by Edger-ton and Parker. Liability is asserted against Hertz Corporation on the basis of the Michigan owner’s statute.
 

 Brian Edgerton, Jr. is not a party to the Muskegon County Circuit Court action.
 
 [1]
 
 
 *879
 
 Brian Edgerton, Jr. has, however, made a demand against Hertz in the amount of $100,000, arising from his closed-head injury, collapsed right lung, and other injuries sustained in the accident. The demand was contained in a letter dated October 7, 1999, sent by attorney Paul Ladas on behalf of the minor. Brian Edgerton, Jr. has not, however, instituted a lawsuit.
 

 Plaintiffs initiated the present declaratory judgment action by complaint filed December 8, 2000. In this action, plaintiffs seek a declaration of non-liability, based solely upon principles of Michigan law. Count 1 seeks a declaration that plaintiffs are not liable to Gerald R. Parker, Jr., because of his failure to insure his motor vehicle at the time of the accident. Mich. Comp.Laws § 500.3135(2)(c). Alternatively, plaintiffs assert that Parker forfeited his right to recovery by allowing an unlicenced minor, Brian Edgerton, Jr., to operate his motor vehicle in violation of Mich.Comp. Laws § 257.904(1). Plaintiffs seek a declaration that Brian Edgerton, Jr., a minor, is foreclosed from recovery because of his alleged operation of a motor vehicle without a license, in violation of Mich.Comp. Laws § 257.301.
 

 The question presently before the court is whether the court should exercise its discretion in favor of entertaining this declaratory judgment action.
 

 Discussion
 

 The Judicial Code empowers the federal district courts to entertain civil actions for declaratory judgment in a case of actual controversy otherwise within the court’s jurisdiction. 28 U.S.C. § 2201. The Supreme Court has long held that the exercise of the jurisdiction created by section 2201 is discretionary in the district court.
 
 See, e.g., Brillhart v. Excess Ins. Co. of America,
 
 316 U.S. 491, 494, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942). The Court has recently reaffirmed the breadth of discretion granted the district courts by the Declaratory Judgment Act. In
 
 Wilton v. Seven Falls Co.,
 
 515 U.S. 277, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995), the Court made the following observations:
 

 By the Declaratory Judgment Act, Congress sought to place a remedial arrow in the district court’s quiver; it created an opportunity, rather than a duty, to grant a new form of relief to qualifying litigants. Consistent with the nonobligatory nature of the remedy, a district court is authorized, in the sound exercise of its discretion, to stay or to dismiss an action seeking a declaratory judgment before trial or after all arguments have drawn to a close. In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration.
 

 Wilton,
 
 515 U.S. at 288, 115 S.Ct. 2137 (footnote omitted).
 

 The United States Court of Appeals for the Sixth Circuit has provided substantial guidance concerning the principles that should guide the court’s exercise of its broad discretion. The Sixth Circuit has stated that the district court should exercise its discretion in favor of a declaratory judgment action (1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.
 
 Grand Trunk Western R.R. Co. v. Consolidated Rail Corp.,
 
 746 F.2d 323, 326 (6th Cir.1984) (quoting E. Borchard, Declaratory Judgments 299 (2d ed.1941)). In applying these criteria, the appellate court requires consideration by the district court of the following factors: (1) whether the declaratory action would settle the controversy; (2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue; (3) whether the declaratory remedy is being used merely for the purpose of “procedural fencing” or “to provide an arena for a race
 
 *880
 
 for
 
 res judicata;
 
 ” (4) whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and (5) whether there is an alternative remedy which is better or more effective.
 
 Id.
 
 at 326;
 
 accord Allstate Ins. Co. v. Mercier,
 
 913 F.2d 273, 277 (6th Cir.1990).
 

 In applying the same criteria and evaluating the same factors, the federal courts have isolated two circumstances, both present in the instant case, that militate strongly against entertaining a declaratory judgment action. The first circumstance arises where, as here, a putative tortfeasor sues the victims of his negligence in an effort to force an adjudication on the tort-feasor’s terms. Second is the circumstance where a coercive state-court action is already pending. I discuss each of these circumstances below.
 

 In the present action, the putative tort-feasors have sued the injured parties, seeking a declaration that the injured parties cannot recover by reason of certain state-law affirmative defenses. The federal courts have long resisted such declaratory judgment actions as a perversion of the Declaratory Judgment Act. The seminal case is
 
 Cunningham Bros., Inc. v. Bail,
 
 407 F.2d 1165 (7th Cir.1969).
 
 Cunningham
 
 was an action by an alleged tortfeasor against injured employees of a subcontractor, in which the tortfeasor sought a declaration that it did not have charge of the work being performed by the employees at the time of their injuries. The district court dismissed the complaint, on the ground that the case was not appropriate for the exercise of federal court discretion under the Declaratory Judgment Act. On appeal, the tortfeasor made the same argument now advanced by Hertz: instead of having to wait to be sued in different state and federal forums by the various injured parties, the tortfeasors should be allowed to bring them together in one action, and thereby adjudicate the rights of all parties in one case. 407 F.2d at 1167. The Seventh Circuit disagreed. “Regarding the individual defendants, we are of the opinion that to compel potential personal injury plaintiffs to litigate their claims at a time and in a forum chosen by the alleged tortfeasor would be a perversion of the Declaratory Judgment Act.”
 
 Id.
 
 Relying upon earlier authority, the court noted that it was not one of the purposes of the Declaratory Judgment Act “to enable a prospective negligence action defendant to obtain a declaration of non-liability.”
 
 Id.
 
 at 1168 (quoting
 
 Sun Oil Co. v. Transcontinental Gas Pipe Line Corp.,
 
 108 F.Supp. 280, 282 (E.D.Pa.1952)). The Seventh Circuit acknowledged that the existence of another remedy does not automatically preclude a declaratory judgment action, but determined that the traditional personal injury action was preferable, because it would afford more effective relief. The court then made an observation that applies equally to the present case.
 

 Since the sustaining of plaintiffs suit in the instant case would force an injured party to litigate a claim which he may not have wanted to litigate at a time which might be inconvenient to him or which might precede his determination of the full extent of his damages, and in a forum chosen by the alleged tortfea-sor, we hold the action was inappropriate for declaratory relief and was therefore properly dismissed against the individual defendants.
 

 407 F.2d at 1169.
 

 Following
 
 Cunningham,
 
 the uniform approach of the federal courts is that declaratory relief is generally inappropriate when a putative tortfeasor sues the injured party for a declaration of nonliability. The recent comments of the Eighth Circuit are instructive:
 

 It is our view that where a declaratory plaintiff raises chiefly an affirmative defense, and it appears that granting relief could effectively deny an allegedly injured ' party its otherwise legitimate choice of the forum and time for suit, no declaratory judgment should issue.
 

 
 *881
 

 BASF Corp. v. Symington,
 
 50 F.3d 555, 559 (8th Cir.1995);
 
 see also United Ins. Co. of America v. Harris,
 
 939 F.Supp. 1527, 1534-35 (M.D.Ala.1996);
 
 Friedman v. Getter,
 
 925 F.Supp. 611, 613 (E.D.Wis. 1996);
 
 Douglas v. Don King Prods., Inc.,
 
 736 F.Supp. 223, 225 (D.Nev.1990);
 
 Southern Ins. Co. v. Bennett,
 
 680 F.Supp. 387, 389 (M.D.Ga.1988);
 
 accord
 
 10B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure ¶ 2765 at 638-39 (2d ed. 1998) (“The courts have also held that it is not one of the purposes of the declaratory judgments act to enable a prospective negligence action defendant to obtain a declaration of nonliability. They have felt that even though a declaratory judgment action might reduce multiple litigation with a number of injured persons, this result should not outweigh the right of a personal-injury plaintiff to choose the forum and the time, if at all, to assert his claim,”).
 

 Viewed from the perspective of the five
 
 Grand Trunk
 
 standards, an action by a putative tortfeasor fares poorly as a declaratory judgment action. First, the action would not necessarily settle the controversy. In their complaint, plaintiffs do not assert that Thelma Morrison was not at fault in causing defendants’ injuries. Rather, they seek to raise only two state-law affirmative defenses which allegedly bar recovery as a matter of law. If plaintiffs are correct in their legal assertions, the controversy may well end. If, however, plaintiffs are incorrect, then the issues of negligence, proximate cause, and damages must still be litigated in some forum. At best, maintenance of the present case raises only the possibility of settling the controversy.
 

 Second, this action would not serve a useful purpose in clarifying the legal relations in issue. Traditionally, affirmative defenses such as those now advanced by plaintiffs are litigated in the context of a personal injury action. I fail to see what useful purpose is served by divorcing affirmative defenses from the facts of the case and seeking an adjudication of those defenses in a vacuum. Third, the conclusion is virtually inescapable that Hertz is using this federal court action for the purpose of procedural fencing. Plaintiffs have never explained to this court why their affirmative defenses could not be raised in response to a traditional personal injury action. In the case of Mr. Parker, such an action has been pending in the Muskegon County Circuit Court for a period of months. If plaintiffs believe that their defense is meritorious, there is nothing preventing them from raising it in a dis-positive motion before the state circuit court. With regard to defendant Edger-ton, a minor, the aspects of procedural fencing are even more apparent. As a minor, Mr. Edgerton is privileged under state law to wait until his nineteenth birthday before initiating a lawsuit. Mich. Comp.Laws § 600.5851(1). By bringing this action, plaintiffs would effectively force an unwilling minor to litigate his personal injury claim prematurely, perhaps before all effects of the accident become manifest. Plaintiffs have not advanced any reason why this court should be a party to depriving an injured minor of a benefit bestowed upon him by state statute.
 

 Fourth, the maintenance of a declaratory judgment action would indeed increase friction between the federal and state courts and improperly encroach upon state jurisdiction, at least with regard to defendant Parker. As noted above, Parker presently has pending a traditional personal injury action in the state courts. The Supreme Court has long held that “ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties.”
 
 Brillhart,
 
 316 U.S. at 495, 62 S.Ct. 1173. In its recent decision in
 
 Wilton v. Seven Falls Co.,
 
 the Supreme Court reiterated this concept and underscored the discretion of
 
 *882
 
 the district court to dismiss or stay proceedings where parallel state proceedings are already pending. Presumably, plaintiffs wish to receive a declaration of nonlia-bility from this court and then to present it to the Muskegon County Circuit Court as a bar to that court’s further consideration of Parker’s personal injury action. I cannot imagine the circumstances in which a federal court would choose to exercise its discretion to lecture the state courts on an issue of state law central to the resolution of a claim properly pending before those courts.
 

 Finally, there is an alternate remedy that is better and more effective, namely, a traditional personal injury action. The Supreme Court has taught that the crucial issue is not whether the state-court action was commenced first, but whether it will most fully serve the interests of the parties and provide a comprehensive resolution of their dispute.
 
 See
 
 10B Wright, Miller & Kane at 530-31. In a personal injury action, all issues between the parties may be resolved in a comprehensive proceeding. This is certainly preferable to a federal declaratory judgment action, in which certain affirmative defenses are the only matters at issue. It is difficult to see how justice would be better served by the maintenance of this federal declaratory judgment action.
 

 Perhaps for this reason, plaintiffs have been unable to cite any appreciable authority supporting the exercise of the court’s discretion in their favor. The principal case relied upon by plaintiffs is
 
 Ditzler v. Spee,
 
 288 Minn. 314, 180 N.W.2d 178 (1970).
 
 Ditzler
 
 arose from a personal injury lawsuit by a husband and wife injured in an automobile accident. In addition to presenting a claim for his own injuries, the husband presented claims as father and natural guardian of a minor child, who was also injured, to recover sums paid by the father for the child’s medical expenses. No claim, however, was advanced on behalf of the child for her own injuries. The defendant began a declaratory judgment action against the minor, for the purpose of litigating the liability question as to both the parents and their child in one action. In reviewing the propriety of the declaratory judgment action, the Minnesota Supreme Court acknowledged the “unanimity” among courts in refusing “potential defendants the right to initiate a declaratory judgment action for the purpose of establishing their freedom from tort liability with respect to the unsued claims.” 180 N.W.2d at 180. While agreeing with the general rule, the Minnesota Supreme Court relied upon the “peculiar circumstances” presented by the lawsuit as originally filed. Under previous Minnesota authority, the child would have had an unfair tactical advantage if the case had been allowed to proceed as originally framed by the plaintiffs, because the child would have had essentially two opportunities to establish liability against the defendant. Because of this quirk in Minnesota law, the court found it equitable to recognize a narrow exception to the general rule, while agreeing with the usual hesitancy to allow a tortfeasor to initiate litigation. “We are quick to agree that in the ordinary personal injury situation there is no occasion for a potential defendant to anticipate the injured party’s claim by a declaratory judgment suit. With that basic rule we have no quarrel.” 180 N.W.2d at 182.
 

 Plaintiffs have not pointed to any quirk in Michigan law that would create the occasion for recognizing an exception to the general rule. Significantly, the guardian of Brian Edgerton, Jr. has not begun a lawsuit to collect for medical expenses, while leaving unasserted the minor’s personal claims arising from the accident. Consequently, even if the
 
 Ditzler
 
 opinion were persuasive authority for deviating from the general rule, the circumstances underlying that opinion are not remotely present in this case. Furthermore, a declaratory judgment action in the Minnesota state courts does not pose the same danger of friction between the federal and state judicial systems that the present action portends.
 
 See Grand Trunk,
 
 746 F.2d at 326 (Declaratory judgment action
 
 *883
 
 should not be the occasion for “gratuitous interference with the orderly and comprehensive disposition of a state-court litigation.”).
 

 Recommended Disposition
 

 The unanimous attitude of the federal courts is to decline to exercise declaratory judgment jurisdiction where a putative tortfeasor attempts to choose the time and forum to litigate the claims of the injured party. In these circumstances, all five of the relevant Sixth Circuit factors weigh against entertaining the action. I therefore recommend that this declaratory judgment action be dismissed without prejudice.
 

 NOTICE TO PARTIES
 

 Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 686(b)(1)(C); Fed. R.CivJP. 72(b). All objections and responses to objections are governed by W.D.Mich.L.Civ.R. 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal.
 
 See Thomas v. Arn,
 
 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985);
 
 Neuman v. Rivers,
 
 125 F.3d 315, 322-23 (6th Cir.),
 
 cert. denied,
 
 522 U.S. 1030, 118 S.Ct. 631, 139 L.Ed.2d 610 (1997);
 
 United States v. Walters,
 
 638 F.2d 947 (6th Cir.1981).
 

 [1]
 

 . It is undisputed that Brian Edgerton, Jr. is under the legal disability of infancy, as he was under the age of eighteen when his claim accrued.
 
 See
 
 Mich.Comp.Laws § 600.5851(1). Michigan law therefore allows him to file suit
 
 *879
 
 up to one year after reaching the age of majority.
 
 Id.