## INDUSTRIAL LEASING CORPORATION, Plaintiff,

v.

## GTE NORTHWEST INCORPORATED; American Telephone and Telegraph Company; and AT & T Communications, Inc., Defendants.

### Civ. No. 92–64–RE.

United States District Court,
D. Oregon.

April 27, 1992.

Mark R. Wada, Karen Saul Stayer, Farleigh, Wada & Witt, Portland, OR, for plaintiff.

George Kirklin, Milo Petranovich, Lane Powell Spears Lubersky, Portland, OR, for defendant AT & T.

Joyce Ann Harpole, Stoel Rives Boley Jones & Grey, Portland, OR, for defendant GTE.

## OPINION

REDDEN, Chief Judge:

Plaintiff Industrial Leasing Corporation (ILC) seeks a declaratory judgment that it is not responsible to its "800 service" and long distance carrier AT & T for certain unauthorized call charges. Plaintiff also seeks to have GTE, which sold the telephone system to ILC through which the unauthorized long distance calls were made, declared liable for those charges. Defendant AT & T moves to dismiss ILC's claims against it because the applicable tariffs establish that ILC is responsible for the charges, and because ILC's state negligence claim is improper and without merit.

**1373**

Defendant GTE moves to dismiss one of ILC's claims, to make more certain and definite another claim, and to strike portions of two other claims.

## FIRST CLAIM AGAINST AT & T

In May 1991, ILC noticed that hundreds of hang-up messages were being left on the "PBX" voice-mail recording system it had purchased from GTE. Plaintiff reported this to its 800 service and long distance company AT & T on 6 May 1991 and requested emergency service. On 9 May 1991, AT & T advised ILC that callers were accessing the system through the 800 service and making unauthorized international calls. Plaintiff seeks a declaratory judgment stating that it was not a customer as defined in the applicable tariffs for either the unauthorized long distance calls or the 800 service calls placed to access the long distance lines.

Plaintiff contends that neither the incoming 800 service calls, nor the outgoing unauthorized long distance calls, originated from plaintiff, as "originate" is defined by the tariffs. Plaintiff therefore asks for a declaration that it is not liable for paying for the incoming "800" calls (controlled by Tariff No. 2), nor the unauthorized long distance calls (Tariff No. 1).

Plaintiff also seeks further declarations based upon the premise that the tariffs do not obligate ILC to pay for the unauthorized use. First, ILC alleges that AT & T violated 47 U.S.C. § 201(b) of the Federal Communications Act of 1934 because it acted unjustly and unreasonably in (1) charging ILC for the unauthorized use, (2) failing to screen and protect against unauthorized use, and (3) failing to investigate and respond to plaintiff's request for assistance quickly enough. Because of these violations ILC seeks a declaration stating that it is not liable for any of the unauthorized use and is entitled to attorney's fees and costs. Next, ILC asserts that AT & T violated § 202(a) of the Communications Act because it discriminated against ILC in demanding payment from ILC for unauthorized use when AT & T has a policy of waiving or reducing the charges for unauthorized use, and has settled with other customers who were similarly victimized. Plaintiff wants a declaration stating that AT & T

**1374**

violated § 202(a), and that ILC is therefore under no obligation to pay for the unauthorized use and is entitled to fees and costs.

Plaintiff also seeks a declaration that AT & T violated § 203(c)(3) of the Communications Act because it attempted to enforce practices not described in the tariffs, and because of this violation, ILC should not be liable for the unauthorized charges and is entitled to fees and costs.

Finally, ILC attempts to state a claim for negligence against AT & T for failing to warn ILC of the danger of unauthorized use, failing to notify ILC of unauthorized use after AT & T knew or should have known of the misuse, and failing to prevent further unauthorized use after ILC requested AT & T's assistance.

Defendant AT & T moves to dismiss all claims that are based on an interpretation that the tariffs do not allow collection against ILC of the calls at issue (Counts 1–5) because, it says, that interpretation is wrong. Defendant AT & T also says ILC's Count 6 claiming negligence is improper and should be dismissed.

■■■ The major issue between ILC and AT & T is whether the tariffs are enforceable against ILC. The parties agree that liability for payment for AT & T services is controlled by AT & T Tariff FCC Nos. 1 and 2. They also agree that calls came in to the GTE system over the 800 service (Tariff No. 2), and were answered by the GTE system and somehow given access to the AT & T long distance line (Tariff No. 1). Plaintiff avers that the tariffs are not applicable because the tariffs are ambiguous as to whether ILC was a "customer" responsible for the unauthorized calls and whether the long distance calls "originated" from its system.

I find no such ambiguity, and am persuaded by the reasoning found in *Chartways Technologies, Inc. v. AT & T Communications*, 6 FCC Rcd 2952, 1991 FCC LEXIS 2992, 69 Rad.Reg.2d (P & F) 424 (29 May 1991) (appeal pending), at Para. 12:

AT & T Tariffs No. 1 and No. 2 clearly impose liability on subscribers for tariffed charges associated with 800 Service and LDMTS [long distance] usage (including all calls originated at the subscriber's number), except in those instances where ex-

ceptions to the general payment obligations are explicitly stated, for example, for wrong numbers or Directory Assistance calls originated by handicapped customers. We are unpersuaded by [plaintiff's] argument that the tariffs are unreasonably vague because they do not specify customer liability for unauthorized use of AT & T's 800 and LDMTS services obtained through customer facilities.

Although plaintiff correctly points out that some facts and allegations in *Chartways* differ from those in this case, such differences do not affect the analysis of alleged ambiguity. "Customer" is defined in the tariffs as the person or legal entity which orders service (either directly or through an agent). *See* § 2.10 of Tariff No. 1; § 2.9 of Tariff No. 2. Plaintiff ordered the 800 service, and so is AT & T's customer. As for the "800" calls being "unauthorized" or beyond the control of ILC, *all* "800" calls originate from remote locations not within the control of the subscriber—that is the nature of the service. Any "unauthorized" use of a "scheme, trick or device" refers to the callers' manipulation of the GTE system to access to the long distance lines. Despite this manipulation, ILC remained AT & T's customer for 800 service. Similarly, the tariffs are not unreasonably vague as to ILC's liability for the long distance charges. Tariff No. 1 states that payment is required for "calls incurred at the specific request of the customer." The tariff goes on to say that the "customer is also responsible for payment of bills for LDMTS [long distance service]. This includes payment for LDMTS calls or services … [that] originated at the customer's number(s). . . . "

This means that liability for long distance charges depends upon where access to the AT & T long distance line originates. I agree with AT & T that ILC's long distance service originates with the GTE system, through which all of ILC's long distance calls start. While clearly ILC never "specifically requested" that the calls be made, the tariff allows billing for calls originating at ILC's numbers, and therefore unambiguously applies to the charges incurred through unau-

thorized access to the communications system purchased by ILC from GTE.

Therefore, defendant AT & T's motions to dismiss Counts 1, 2, 3 and 5 are granted, because the tariffs unambiguously apply to the calls at issue here. Plaintiff is granted leave to amend Count 3 to more clearly allege a violation of 47 U.S.C. § 201(b) on grounds other than AT & T acted unreasonably by demanding payment for the unauthorized calls. If amending Count 3, plaintiff is advised to state specifically the grounds for any claims regarding duties to monitor or failure to respond in a timely manner to ILC's request for assistance.

Plaintiff also states it is prepared to amend Count 4 to attempt to adequately reflect allegations of appropriate damages. 47 U.S.C. §§ 206, 207. Count 4 is dismissed, with leave granted for such amendment.

Finally, ILC's negligence claim (Count 6) is inadequately pled and is dismissed as well. I note at the outset that ILC fails to ask for any declaration here, and that a tort claim is generally not entertained in a declaratory action. *States Steamship v. Featherstone,* 240 F.Supp. 830 (D.Or.1965) (the court held that generally the rule is that a declaratory judgment action should not be entertained when it is initiated by a prospective tort defendant, but that there were conceivable exceptions in the exercise of discretion where a declaratory action would be in the interests of justice or for the convenience of the parties).

In its Response and at oral argument on this motion, plaintiff referred to a reliance upon federal common law. Leave is granted for plaintiff to file an amended negligence claim. Plaintiff is cautioned to allege clearly the source of AT & T's duties outside of the tariffs, the negligence, and the damages suffered.

## PLAINTIFF'S SECOND CLAIM AGAINST GTE

Plaintiff's Complaint includes a second claim which incorporates all of the facts described in the first claim but levels eight counts against GTE Northwest, Inc., the manufacturer, seller, and installer of the "PBX" system through which unauthorized callers gained access to long distance lines.

Defendant GTE moves to: (1) make more definite and certain the allegations in plaintiff's deceit claim (Count 5); (2) dismiss the unfair trade practice claim (Count 6); (3) strike certain allegations from the negligent misrepresentation claim (Count 7), and (4) to strike allegations from the negligence claim (Count 8).

Plaintiff stipulates to the dismissal of the unfair trade practices claim, leaving only defendant's motion to make Count 5 more definite and certain, and the motions to strike allegations from Counts 7 and 8. For the reasons that follow, these motions are granted.

## Motion One, to Make Count 5's Allegations More Definite

Plaintiff's Count 5 under its second claim is for "Deceit," otherwise known as fraud. Rule 9(b) of the Federal Rules of Civil Procedure requires that "the circumstances constituting fraud or mistake shall be stated with particularity."

In the Complaint under this count, ILC realleges all previous paragraphs and asserts that "GTE falsely represented to ILC that the PBX system would have no remote access feature." Para. 82.

■ The Ninth Circuit has held that Rule 9(b) requires identification of the circumstances constituting fraud so that an adequate answer may be prepared. *Schreiber Distributing v. Serv–Well Furniture Co.,* 806 F.2d 1393 (9th Cir.1986). I grant GTE's motion to make more definite and certain the allegations in plaintiff's deceit claim.

## Motion Three, to Strike Allegations in Count 7

■ In Count 7 for negligent misrepresentation, under Para. 99, plaintiff alleges that GTE failed to exercise reasonable care in securing the communication system. Defendant GTE says these allegations do not state a claim for negligent misrepresentation and should be stricken.

The paragraph asserts GTE was negligent in trying to secure the system after being contacted by ILC. Plaintiff explains that Paragraph 99 helps explain why the representations made were negligent. The para-

graph's assertions really do not "help explain why" allegedly negligent misrepresentations were in fact negligent, but instead appear to allege *further* negligence on the part of GTE. The motion to strike the paragraph is granted.

### Motion Four, to Strike Allegations in Count 8

■ Finally, GTE moves to strike subsection (c) of Paragraph 102 under ILC's Count Eight for negligence. Paragraph 102 alleges three kinds of negligence: (a), failure to warn; (b), failure to prevent further misuse; and (c), falsely representing that certain security measures would succeed in preventing further unauthorized use. Defendant GTE argues that (c) fails to allege negligent conduct, but instead merely attempts an inadequate claim for negligent misrepresentation. I agree. The motion to strike is granted.

### CONCLUSION

Defendant AT & T's motions to dismiss Counts 1, 2, 3 and 5 are granted. Plaintiff is granted leave to amend Count 3 to more clearly allege a violation of 47 U.S.C. § 201(b) on grounds other than AT & T acted unreasonably by demanding payment for the unauthorized calls. If amending Count 3, plaintiff is advised to state specifically the grounds for any claims regarding duties to monitor or failure to respond in a timely manner to ILC's request for assistance. Count 4 and 6 are dismissed, with leave granted for such amendment. Defendant GTE's motions are granted.

Plaintiff ILC is granted 20 days' leave to amend from the date this decision was filed.